## CALEB JONES vs. NATHANIEL STEVENS.

The report of an auditor, appointed under the Rev. Sts. c. 96, § 25, to state the accounts of parties to an action, is *primâ facie* evidence on the trial of the action by a jury, and changes the burden of proof.

When, on the trial of a cause, a party offers in evidence an auditor's report, which contains statements respecting a matter upon which he had no authority to pass, it is within the discretion of the court, to reject the whole report, or to recommit it, or to receive in evidence those parts of it which are admissible, and reject the other part.

Those matters of defence, which go in bar of an action, or which are not matters of account, are not to be passed upon by an auditor; and, if done without consent of parties, should be stricken from his report, or the report should be recommitted or rejected. But where the evidence offered bears directly or incidentally on the matters of account, the auditor should examine it, and may state it, if he deem it necessary to render his report intelligible; and if both parties go into such evidence before him, his report will not be rejected merely for the reason that he states facts respecting matters which go in bar, and his conclusions from such facts.

During the trial of an action for work done, &c. in manufacturing cloth, the court, by consent of parties, appointed four men ' to estimate the cost of manufacturing, &c., the pieces produced,' who returned into court written estimates of such cost; and the case was afterwards sent to an auditor to state the accounts of the parties. *Held*, that said estimates were not in the nature of an award, and binding on the parties; and that the auditor might receive evidence to vary and control those estimates, and might state the accounts according to such evidence.

Where, in the trial of an action between A. and B., it was made a question whether A. and C. were partners in the matter of the suit, and ought to have joined in bringing the action, letters written by C. to B., but not communicated to A., are not admissible in evidence.

ASSUMPSIT for work and labor, and materials found, in manufacturing cloth for the defendant in the years 1838 and 1839.

Trial in the court of common pleas, at the last September term. At a previous term of that court, an auditor had been appointed to hear the parties, and examine their vouchers and evidence, and to state the accounts, and make report thereof. The auditor heard the parties, and returned his report.

The account stated by the auditor was thus:

| Dr. Nathaniel Stevens in account with Caleb Jones, | | | Cr. | |
|---|---|---|---|---|
| 1838. | To manufacturing, &c., the goods specified in the bill of particulars, | $ 13.629.61 | 1838. By amount of your account of all credits, | $ 11.735.54 |
| | In the above sum is included the use of the machinery, | $ 1.440.00 | By balance | |
| | The rent of the factory, | $ 1.350.00 | of this ac- | |
| | Repairs charged in Stevens's bill of credits to Jones, but paid by Jones, | $ 74.00 | count to new ac- | |
| | By balance to new account, | $ 1.894.07 | count, | $ 1.894.07 |
| | | | | $ 13.629.61 |

The defendant objected to the admission of this report in evidence, on the ground that the auditor had passed upon certain questions of fact, upon which he was not competent to pass ; but the objection was overruled.

One ground, on which the defendant placed his defence, was, that the work done for him was done by the plaintiff and John Howarth jointly, and that if he was indebted at all, it was to them jointly, and that this action could not be maintained ; and he contended, that the finding of the auditor upon the question, whether there was a partnership between the plaintiff and Howarth, should not be submitted to the jury. The presiding judge permitted the auditor's report to go to the jury, and instructed them, "that so far as it found that any labor was performed by the plaintiff for the defendant, and so far as it found the value of the services thus rendered, it was *primâ facie* evidence, and that the burden of proof was on the defendant, if he would impeach it ; that if they found the fact to be, that the plaintiff had performed any such labor, the law implied a promise, on the part of the defendant, to pay him for such labor ; that if the work was performed by the plaintiff and Howarth jointly, the plaintiff was not entitled to recover in this action ; that it was proper for the jury to consider the facts stated in the 4th and 7th paragraphs of the report, (the instructions of the court having been particularly requested, in reference to those paragraphs,) that it was not competent for the auditor to pass upon the question of partnership between the defendant and Howarth ; and that the jury should exclude from their consideration any part of the report which had reference to that subject."

The defendant requested the judge to instruct the jury, that upon the facts found by the auditor, in relation to the use of the mill and the machinery mentioned in his report, the plaintiff was not entitled to recover any thing for the use thereof. But the judge instructed the jury, "that upon those facts, the auditor rightly included those items, in estimating the value of the services rendered by the plaintiff."

The defendant moved the court to recommit the report to the auditor, or to reject the same, upon the ground that the auditor

had received incompetent evidence at the hearing before him, as appears from the 15th paragraph of his report. This motion was overruled.

The defendant then offered sundry letters written to him by said Howarth, as evidence tending to show a partnership between Howarth and the plaintiff. But the judge rejected them ; no evidence being offered that those letters were shown to the plaintiff, as they were received.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions to the said rulings and instructions of the judge.

The paragraphs in the auditor's report, which are above referred to, were as follows :

" 4. That the said John Howarth entered upon the business of manufacturing said wool at said mill, at the same time with said Jones, hired some of the workmen, made entries in the books, and continued engaged in the business of manufacturing, in the same manner that the said Jones did, until about the middle of October 1838, when he sailed for England, on business not connected with the work at the factory, but relating to a patent machine, in which said Howarth, the said Stevens, N. F. Jones, and N. W. Hazen were interested.

" 7. That the books of said factory, relating to the manufacture of said Stevens's wool, were kept in the name of said Caleb Jones ; and repairs on the machinery, and articles supplied for the business, were charged to said Jones, and paid for by him ; and certain receipts for such repairs and supplies were produced by said plaintiff and identified by witnesses, and are among the documents accompanying this report.

" 15. In the hearing before the auditor, it was admitted by the parties, that at the September term of this court," (common pleas,) " 1841, the court, by the consent of said parties, during the hearing of said case, appointed James Howarth, Joseph Buckley, Ebenezer Sutton, and E. J. W. Hale, ' to estimate the cost of manufacturing, scouring, and napping the pieces produced, and superintendence ' ; that they considered the subject committed to them, and returned to the court certain estimates

in writing, which are among the documents accompanying this report ; and it was in evidence to the auditor, that the ' pieces ' produced to said committee, and upon which they made their estimate, were, the one a piece of fine, and the other a piece of coarse flannel, manufactured by the plaintiff, at said factory ; and said estimates were admitted by the auditor, as evidence, and considered by him in the hearing before him. The plaintiff produced certain witnesses to the auditor, to prove the cost of manufacturing, &c. the flannels mentioned in the plaintiff's bill of particulars. The defendant's counsel objected to their admission, on the ground that the written estimates aforesaid were the only evidence which could legally be admitted to prove any of the matters contained in said estimates. The auditor was of opinion, that other and further evidence was admissible, and examined the witnesses."

*N. J. Lord & O. P. Lord*, for the defendant.

*Ward & Perkins*, for the plaintiff.

HUBBARD, J. This was an action of assumpsit for work and labor, and for materials furnished. One ground of defence relied on was, that the labor was done, if at all, jointly by one Howarth and the plaintiff, as partners ; and that the materials were found by them, and consequently that the action could not be maintained by the plaintiff alone. This was denied by the plaintiff.

The case went to an auditor, either by consent, or by order of court. From an examination of his report, which makes part of the case, and from the statement of counsel, it appears that both parties went into evidence before him, whether the work and materials charged were furnished by the plaintiff, or by him and Howarth. And upon this evidence the auditor formed an opinion, as appears in his report. When the case came on for trial, the defendant objected to the plaintiff's reading the report in evidence, on the ground that the auditor had passed on the question of partnership, and contended that it should either be rejected or recommitted. But the judge permitted the report to go to the jury, and instructed them, that while it was proper for them to consider the facts stated in those paragraphs

of the report, yet, as it was not competent for the auditor to pass upon the question of partnership, they should exclude from their consideration any parts of the report which had reference to that subject.

The language of the instructions, as reported, is not very distinct; but we understand by it, that the judge considered that the facts, as stated in that part of the report, so far made a part of it, that they might be read to the jury; but that the opinion formed by the auditor upon those facts, in relation to the partnership, should be excluded from their consideration.

We are of opinion, that it is proper for the presiding judge, on hearing objections to the report of an auditor, to accept or reject it, or to recommit it; or, as in the case of a deposition, he may reject parts of the report, which he deems improper to go to the jury, and receive the residue; and that he is not obliged, at all events, to reject or recommit it, for partial errors. It is a matter which lies within his judgment, in the first instance.

And in the case at bar, on looking at the facts stated in the report, and bearing in mind, that both parties went into evidence before the auditor, on the subject of the partnership, we see no sufficient reason for setting aside the verdict for the reason that the judge did not recommit or reject the report. And we think the course adopted by him, in rejecting the conclusions drawn by the auditor, while he retained the facts upon which the conclusions were formed, was within the exercise of his discretion, and that his decision in this respect was not erroneous.

Those matters of defence which go in bar of the action, or which are not matters of account, are not to be passed upon by an auditor; and, if done without consent of parties, should be stricken from the report, or the report itself should be recommitted or rejected. But where the evidence offered bears directly or incidentally on the matters of account, there the auditor is called upon to examine it, and may state it, if he thinks it necessary to render his report intelligible; though he is not required, as a matter of course, to detail the testimony at length; it being kept in mind, that the report is but *primâ facie* evi-

dence, and may be contradicted and rebutted by other testimony, or by the reëxamination of the same witnesses or documents.

In the present case, it would seem to us, that the auditor was not necessarily required to form a definite judgment on the subject of the partnership, and to incorporate the same into his report, as he could state the accounts in the alternative, according as they were affected by the fact of partnership or no partnership. But the evidence having been offered by both parties, and of course pressed by the defendant whose endeavor was to establish the partnership, we see no sufficient ground for rejecting his report, for the reason that he presented the facts brought before him, with his conclusions.

It was also objected, by the defendant, to the charge of the judge, that he instructed the jury, that the report of the auditor, in respect to the value of the plaintiff's services for labor performed for the defendant, was *primâ facie* evidence, and that the burden of proof was on the defendant, if he would impeach it ; the defendant maintaining that the burden of proof was not shifted by reason of the report, but that the condition of the parties, as to the proof of the case, remained the same as if no report of an auditor had constituted a part of it. But we cannot agree to this position. It was incumbent on the auditor, in stating the accounts, which consisted, for a considerable part, in services performed, to ascertain the value of those services ; otherwise he could not introduce the services as items of account. And the report being made evidence by the statute, it necessarily shifted the burden of proof ; for being *primâ facie* evidence, it becomes conclusive where it is not contradicted or controlled. And in *Allen* v. *Hawks*, 11 Pick. 362, the court say, " another useful and very important effect of a report is, to change the burden of proof." The general rules of practice, on the subject of auditors' reports, are stated with great distinctness, in the above case, and in those of *Lazarus* v. *Commonwealth Ins. Co.* 19 Pick. 97, and *Whitwell* v. *Willard*, 1 Met. 216 ; and it is unnecessary here to enlarge upon them farther.

In regard to the objection raised to the 15th paragraph of the report, we think the appraisement, made by Howarth, Buckley,

and others, was not in the nature of an award binding on the parties, but was merely evidence tending to show the cost of manufacturing the goods mentioned ; and that it might be varied and controlled by other testimony offered by either of the parties ; and that the auditor did not, in relation to it, admit incom petent evidence.

The defendant also offered in evidence certain letters written by John Howarth to the defendant, which were rejected. As the plaintiff was not a party to the correspondence, and as no evidence was offered to prove that the letters had been communicated to him, as they were received, we cannot doubt that they were properly excluded from the case.

On the view which we have taken of this report, and the accounts as therein stated, we see no such errors in the rulings and instructions of the presiding judge, as make it necessary to disturb the judgment rendered by the court of common pleas.

*Exceptions overruled.*